IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.** |
| v. | : | |
| | : | **VIOLATION:** |
| **LUSHAWN FOREMAN,** | : | |
| | : | **Count One**: 18 U.S.C. § 1349 |
| Defendant. | : | (Conspiracy to Commit Health |
| | : | Care Fraud) |
| | : | |
| | : | 18 U.S.C. § 982(a)(2)(A) and 28 |
| | : | U.S.C. § 2461(c) (Criminal |
| | : | Forfeiture) |

## INFORMATION

The United States Attorney for the District of Columbia charges that:

### Background

At all times relevant to this Information, on or about the dates and times stated herein:

1. Defendant Lushawn Foreman was employed by the Washington Metropolitan Area Transit Authority ("WMATA") that operated in the District of Columbia and elsewhere.

2. Co-conspirator 1 was employed as a Train Operator by WMATA that operated in the District of Columbia and elsewhere.

3. Person 1 was a physician.

4. WMATA was created by an interstate compact in 1967 to plan, develop, build, finance, and operate a balanced regional transportation system in the District of Columbia area. WMATA operated and maintained metro train and bus services in and around the District of Columbia area.

5. American Family Life Assurance Company ("AFLAC") was an insurance company based in Georgia. AFLAC provided health care insurance services to WMATA and its employees,

1

including for medical and disability insurance. AFLAC was a "health care benefit program" as defined in 18 U.S.C. § 24(b).

6. When filing an AFLAC disability claim, a policy holder submitted several forms, including, but not limited to, an "Initial Disability Claim Form" or a "Continuing Disability Claim Form." These forms were filled out with policy holder/patient information (e.g., name, DOB, address) and descriptive information about the disability (e.g., date of occurrence, how it occurred). Another necessary form was an "Initial Disability Claim Form – Physician's Statement." This form included similar policy holder/patient information and other specifics that were filled out by the patient's physician and/or the physician's office (e.g., diagnosis information, date/details about the injury, date the patient was first seen by the physician). At the bottom of this form was also a signature line to be completed by the patient's physician.

## COUNT ONE
### (18 U.S.C. § 1349 – Conspiracy to Commit Health Care Fraud)

7. Paragraphs 1 through 6 are hereby realleged.

8. Between on or about January 5, 2021, and on or about April 18, 2023, in the District of Columbia and elsewhere, the defendant,

**LUSHAWN FOREMAN,**

and Co-conspirator 1, did knowingly and willfully conspire, combine, confederate, and agree to commit health care fraud, by executing and attempting to execute a scheme and artifice to defraud a health care benefit program, that is, AFLAC, and to obtain, by means of false or fraudulent pretenses, representations, or promises, money or property owned by, or under the custody or control of, said health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services.

**Object of the Conspiracy**

9.   It was the object of the conspiracy for the defendant and Co-conspirator 1 to enrich themselves, and each other, by obtaining health care and disability benefits under false and fraudulent pretenses, by submitting false and fraudulent claims to AFLAC.

**Manner and Means of the Conspiracy and Scheme to Defraud**

10.   The manner and means by which the defendant and Co-conspirator 1 sought to accomplish the goal of the conspiracy included, among others, the following:

11.   Foreman provided Co-conspirator 1 with the information needed to submit disability claims to AFLAC, including, but not limited to, Foreman's name, date of birth, and address, the name and contact information of Person 1, copies of Foreman's WMATA paystubs, and Foreman's AFLAC insurance policy information.

12.   With Foreman's permission, Co-conspirator 1 submitted fraudulent disability or health care claims that were purportedly signed by Person 1, even though Person 1 did not sign the claims, on or about the following dates:

| Date(s) Paid | AFLAC Claim # | Amount Paid to Foreman By AFLAC |
|---|---|---|
| 1/5/21 | 025742706 | $17,940.81 |
| 9/20/21 & 10/20/21 | 030639841 | $18,451.00 |
| 4/4/22 | 033941173 | $16,795.00 |
| 10/31/22 | 037210585 | $445.00 |
| 11/2/22 | 037210566 | $17,900.00 |
| 4/13/23 & 4/18/23 | 040754013 | $9,675.00 |
| **TOTAL** |  | **$81,206.81** |

13.   After Foreman received payment from AFLAC for each of the foregoing fraudulent claims, she paid a portion of the claim proceeds to Co-conspirator 1, fulfilling her agreement to kick back a portion of the claim proceeds to Co-conspirator 1 in exchange for Co-conspirator 1's assistance in preparing and submitting the fraudulent disability claims.

(In violation of Title 18, United States Code, Section 1349)

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c))

The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(A).

Upon conviction of the offense of conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349, the defendant,

**LUSHAWN FOREMAN,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation.

## MONEY JUDGMENT

Upon conviction, the United States may seek a money judgment.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

        EDWARD R. MARTIN, JR.
        United States Attorney
        D.C. Bar No. 481866

By:    */s/ Brian P. Kelly*
        BRIAN P. KELLY
        Assistant United States Attorney
        United States Attorney's Office
        District of Columbia
        D.C. Bar No. 983689
        601 D Street NW
        Washington, DC 20530
        (202) 252-7503
        Brian.Kelly3@usdoj.gov